UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT J. LEONARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-00963-JRS-MJD |
| ) | |
| THE TRUSTEES OF INDIANA UNIVERSITY, ) | |
| INDIANA UNIVERSITY HEALTH CARE ) | |
| ASSOCIATES, INC. ) | |
| d/b/a IU HEALTH PHYSICIANS, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Plaintiff's *Motion to Strike Affirmative Defenses* [Dkt. 23.] Plaintiff seeks to strike and summarily dismiss the University's Affirmative Defense Nos. 1 through 11 and 13 through 22, and the University's answer to paragraph 26 of Plaintiff's Complaint. Similarly, Plaintiff seeks to strike and summarily dismiss IUHP's Affirmative Defense Nos. 1 through 9 and 11 through 19, and IUHP's answers to paragraphs 24 and 26 of Plaintiff's Complaint. [Dkt. 24 at 1.] Plaintiff asserts that Defendants have failed to state a "short and plain statement" of the defenses as required by Federal Rule of Civil Procedure 8(a). [Dkt. 24 at 2.] For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's *Motion to Strike*.

### I. Background

This is an action brought by Plaintiff, Robert J. Leonard, M.D. ("Plaintiff") against Defendants, Indiana University Health Care Associates, Inc. d/b/a IU Health Physicians

1

("IUHP") and the Trustees of Indiana University ("University") (collectively "Defendants"), for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 *et seq.*, the Americans with Disability Act, as amended ("ADA"), 42 U.S.C. §§ 12101, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and for breach of contract. [Dkt. 1 at 1.]

Defendants hired Plaintiff on July 1, 2017 to work as an emergency medicine physician for IUHP and as an Assistant Professor of Clinical Emergency Medicine for the School of Medicine. [Dkt. 1 at 3.] Plaintiff alleges the first nine months of his employment were smooth and uneventful; however, the environment changed in April, 2018. [Dkt. 1 at 3.] After two meetings with Plaintiff's supervisors, Defendants terminated his employment on September 18, 2018 for the stated reason that he had left his "scheduled shift on August 28, 2018 three hours early and without permission to do so." [Dkt. 1 at 5-6.] Plaintiff alleges his termination was pretext for unlawful discrimination under the ADA, Rehabilitation Act, Title VII, and breach of contract. [Dkt. 1 at 6-8.] In response to Plaintiff's allegations, the University denied most of Plaintiff's allegations and asserted twenty-two affirmative defenses. [Dkt. 16 at 17-19.] IUHP also responded to Plaintiff's complaint by denying most of the allegations and asserting nineteen affirmative defenses. [Dkt. 17 at 18-20.] These affirmative defenses are at issue in Plaintiff's *Motion to Strike*. [Dkt. 23.]

## II. Legal Standard

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are appropriate when they expedite matters by "remov[ing] unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Power Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989). A court may thus strike defenses that are "insufficient on the face of the pleadings," that fail "as a matter of law," or that are

"legally insufficient." *Id.* at 1294. District courts have considerable discretion in ruling on motions to strike. *See Delta Consulting Grp., Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009).

## III. Discussion

Plaintiff moves to strike or summarily dismiss the University's Affirmative Defense Nos. 1 through 11 and 13 through 22, and the University's answer to paragraph 26 of Plaintiff's Complaint. [Dkt. 23.] Likewise, Plaintiff moves to strike or summarily dismiss IUHP Affirmative Defense Nos. 1 through 9 and 11 through 19, and IUHP's answers to paragraphs 24 and 26 of Plaintiff's Complaint. [Dkt. 23.] As Plaintiff does not assert that the defenses are redundant or scandalous, the Court will address each defense in relation to the other requirements set forth in Rule 12(f).

It is well established that defenses consisting of "nothing but bare bones conclusory allegations" are deficient. *Heller,* 883 F.2d at 1295. "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Id.* at 1294. Accordingly, they must set forth a "short and plain statement of the defense" that gives the other party fair notice of the nature of the defense. *Id.* at 1294 (quoting Fed. R. Civ. P. Rule 8(a)). The exact amount of factual material that a defense must include, however, is unclear. The Seventh Circuit has yet to determine whether the more stringent pleading standard for complaints set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 666 (2009), also applies to affirmative defenses. For the purpose of resolving this motion, however, the Court does not need to further analyze which standard to apply. As explained in detail below, the pleading deficiencies here violate even the lowest standard set forth in *Heller.*

### A. The University's Affirmative Defenses

Plaintiff and the University have agreed that no punitive damages are sought against the University. [Dkt. 27 at 9-10.] The only claims brought against the University are those pursuant to Title VII and the Rehabilitation Act, not in pursuant of punitive damages. Therefore, Affirmative Defenses No. 5, and 13-15 are moot.

#### 1. Failure to State a Claim: Defense No. 1.

Plaintiff argues the Court should strike the University's Affirmative Defense No. 1 because the University has not provided any allegations as to how Plaintiff failed to state a claim. However, the Court will not strike the defense on this ground. The Rules allow parties to raise the defense of "failure to state a claim upon which relief can be granted" in the responsive pleading. Fed. R. Civ. P. 12(h)(2)(A). It is a nonwaivable defense that may be asserted at any time. Simply asserting that defense in a responsive pleading is a mere nullity; it has absolutely no effect on the outcome of the proceedings without some factual and legal support. The Rules permit this as an adequate response; therefore, this Court does as well. The Court will not rule on the merits of the University's Rule 12(b)(6) defense unless and until the University has, by motion, provided facts and/or legal authority to support this defense. Accordingly, Plaintiff's *Motion to Strike* as to the University Defense No. 1 is **DENIED**.

#### 2. Causation: Defense Nos. 2, 7, 8, 10, 16-20.

The University asserts Affirmative Defense Nos. 2, 7, 8, 10, and 16-20 with respect to causation. These affirmative defenses claim the University's acts or omissions "were not a proximate cause of Plaintiff's alleged injuries," that "Plaintiff cannot establish a causal connection between his disability, sex, or sexual orientation and any alleged adverse actions,"

4

that the actions taken were for "legitimate and non-discriminatory reasons," that they "exercised reasonable care to prevent and correct any allegedly discriminatory behavior," and that the University's actions were "job-related and consistent with business necessity" and were taken in "good faith" arguing Plaintiff does not have a disability under applicable law. [Dkt. 16 at 17-18]; [Dkt. 24 at 3, 8-10, 13-15.] These allegations are not affirmative defenses; instead they are allegations negating an element of the Plaintiff's prima facie case. "Proximate cause is an element of the plaintiff's case, not an affirmative defense." *Hays v. General Elec. Co.,* 151 F. Supp. 2d 1001, 1014 (N.D. Ill. 2001); *see Bauer v. J.B. Hunt Transport, Inc.*, 150 F.3d 759, 763-64 (7th Cir. 1998) ("In any negligence action, the plaintiff bears the burden of proving not only duty and breach of duty, but also that defendant proximately caused plaintiff's injury. The element of proximate cause is an element of the plaintiff's case. The defendant is not required to plead lack of proximate cause as an affirmative defense."). Courts strike affirmative defenses that are more appropriately categorized as denials of allegations because "[t]hey do not assert an excuse from some or all liability but rather that Plaintiff will be unable to meet its evidentiary burden. . . . Therefore, affirmative defenses [] are stricken with prejudice." *Manley v. Boat/U.S. Inc.,* No. 13-cv-5551, 2016 WL 1213731, at *6 (N.D. Ill. Mar. 29, 2016). Because it is well settled in the Seventh Circuit that "causation" is not an affirmative defense but instead an element of the claim to be proven by the Plaintiff, the Court **GRANTS** Plaintiff's *Motion to Strike,* with prejudice, with regard to the University's Affirmative Defense Nos. 2, 7, 8, 10, and 16-20.

### 3. Validity on the Merits: Defense Nos. 3, 4, 6, 9.

The University sets forth a number of affirmative defenses questioning the validity of Plaintiff's claims on the merits. These claims include failure to mitigate damages; estoppel,

5

waiver, laches, and unclean hands; timeliness; and after acquired evidence. [Dkt. 16 at 17-18.] Plaintiff correctly argues that the University provided no factual allegations to support its pleadings. The University asserts no more than "bare bones conclusory statements" that don't meet the standard set forth in *Heller*. 883 F.2d at 1295. *Heller* requires at least minimal factual content – failing to plead anything more than the assertions of "failure to mitigate damages," "waiver, estoppel, unclean hands, and laches," "timeliness," or "after acquired evidence," constitutes ground for striking the defenses. Accordingly, the Court **GRANTS** Plaintiff's *Motion to Strike* as to Affirmative Defense Nos. 3, 4, 6, and 9, but will do so without prejudice. The University may seek leave to re-plead the defenses in a way that gives Plaintiff fair notice of the grounds underlying the defense.

### 4. Limited Damages: Defense Nos. 11 & 21.

The University asserts affirmative defenses limiting Plaintiff's damages in Defense Nos. 11 and 21. In Affirmative Defense No. 11, the University asserts that Plaintiff's "claims and damages are limited or barred by the U.S. Constitution, Indiana Constitution, and federal and state statutes." [Dkt. 16 at 18.] This assertion is very broad and does not give Plaintiff "fair notice of what is being asserted." *J.D. Marchbanks v. Beelman River Terminals, Inc.,* No. 3:06-CV-720-DRH-CJP, 2007 WL 1266520, at *1 (S.D. Ill. Apr. 30, 2007).

In the University's Affirmative Defense No. 21, it states that "Plaintiff's claim for compensatory damages is limited by the statutory cap on damages in 42 U.S.C. § 1981a." [Dkt. 16 at 19.] "An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters." *Riemer v. Chase Bank USA, N.A.,* 274 F.R.D. 637, 639 (N.D. Ill. 2011). A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant

bears the burden of proof, or if the defense does not require controverting the plaintiff's proof. *See Winforge, Inc. v. Coachmen Indus., Inc.,* 691 F.3d 856, 872 (7th Cir. 2012). A court may properly strike a defense that does not meet this standard, but that a party nonetheless pleads as an affirmative defense. *See, e.g.*, *Ford v. Psychopathic Records, Inc.,* No. 12–cv–0603–MJR–DGW, 2013 WL 3353923, at *7 (S.D. Ill. July 3, 2013). The University is not asserting an affirmative defense because Plaintiff has not been awarded damages in excess of the statutory cap. The University's assertion of Affirmative Defense No. 21 is a mere nullity until damages have been awarded. Accordingly, the Court will not penalize the University for asserting this as a defense, but it will bear no weight until damages have been awarded. Thus, Plaintiff's *Motion to Strike* is **GRANTED** as to Affirmative Defense No. 11, but is granted without prejudice. The University may seek leave to re-plead the defense in a way that gives Plaintiff fair notice of the grounds underlying the defense. Plaintiff's *Motion to Strike* is **DENIED** as to Affirmative Defense No. 21.

### 5. Right to Amend: Defense No. 22.

The University's Affirmative Defense No. 22 "reserves the right to supplement or amend its affirmative defenses." [Dkt. 16 at 19.] Plaintiff has correctly noted that this is not an affirmative defense. [Dkt. 24 at 15.] "We exercise our discretion to [*sue sponte* strike defendant's affirmative defense] because an attempt to reserve the right to add additional defenses 'is unnecessary' and 'is not an affirmative defense at all.'" *Parker v. Rockies Express Pipeline, LLC,* No. 1:11–cv–0139–SEB–DML, 2012 WL 4762138, at *4 (S.D. Ind. Oct. 5, 2012) (citing *J & J Sports Prods., Inc. V. Munoz,* No. 1:10–cv–1563–WTL–TAB, 2011 WL 2881285, at *2 (S.D. Ind. Jul. 15, 2011)). The "proper course of action is to seek the Court's leave to amend in a Rule 15 motion." *Id.* The University is not "avoid[ing] liability" by "allegations of

excuse, justification or other negating matters," and is therefore not asserting affirmative defenses. *Riemer*, 274 F.R.D. at 639. Accordingly, the Court **GRANTS** Plaintiff's *Motion to Strike* as to Affirmative Defense No. 22 with prejudice.

### 6. Document Speaks for Itself: Answer ¶ 26.

Plaintiff seeks to strike the University's answer in response to paragraph 26 of Plaintiff's Complaint. [Dkt. 24 at 20.] The University responded as follows: "Defendant admits that Plaintiff sent an email following the September 7, 2018 meeting that speaks for itself. Defendant denies the remaining allegations contained in paragraph 26 of the Complaint." [Dkt. 16 at 9.] Plaintiff contends that the University's use of the language "speaks for itself" is an unacceptable answer to Plaintiff's Complaint. While the Plaintiff appropriately cites cases where courts deem responses of a document "speak[ing] for itself" as inappropriate, there is a distinguishable difference between those cases and the University's response to paragraph 26. [Dkt. 24 at 20.] Although the University uses the language "speaks for itself," the University has also admitted to the email being sent, while denying the remaining allegations in paragraph 26. Courts have found this language inappropriate when there is no additional elaboration; here, however, there is. "Although the language 'the document speaks for itself' is not one of the alternatives under Rule 8(b), [the defendant] has also either admitted or denied these allegations. Thus, the Court will not strike [the defendant's] responses. . ." *Pavlik v. FDIC*, No. 10 C 816, 2010 WL 3937621, at *3 (N.D. Ill. Oct. 5, 2010). Therefore, because the University has both admitted to Plaintiff sending the email and denied the remaining allegations, the Court declines to strike the response as improper. Accordingly, Plaintiff's *Motion to Strike* as to the University's Answer to ¶ 26 is **DENIED.**

## B. IUHP Affirmative Defenses

### 1. Failure to State a Claim: Defense No. 1.

Similarly, Plaintiff argues the Court should strike IUHP's Affirmative Defense No. 1 because IUHP has not provided any allegations as to how Plaintiff failed to state a claim. [Dkt. 24 at 2-3.] For the same reasons articulated supporting the University's Affirmative Defense No. 1, the Court will not strike this defense because asserting it in a responsive pleading is a mere nullity. Accordingly, Plaintiff's *Motion to Strike* as to IUHP's Affirmative Defense No. 1 is **DENIED.**

### 2. Causation: Defense Nos. 8, 13, 16.

IUHP asserts Affirmative Defense Nos. 8, 13, and 16 which all relate to causation alleging there were legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons for Plaintiff's termination. The Court follows the same reasoning articulated above: IUHP's assertions are not affirmative defenses but are instead the threshold argument that the Plaintiff must make. For the reasons stated above, the Court **GRANTS** Plaintiff's *Motion to Strike* as to IUHP's Affirmative Defense Nos. 8, 13, and 16 with prejudice.

### 3. Validity on the Merits: Defense Nos. 2-7, 9, 11, 14.

IUHP alleges Affirmative Defense Nos. 2-7, 9, 11, and 14 attacking the merits of Plaintiff's claims. However, IUHP has failed to assert anything more than bare bones conclusory statements. As discussed above, the *Heller* standard does not require respondents to go to great lengths, but they must provide enough factual basis to make the other party aware of the nature of their arguments. 883 F.2d at 1295. Making conclusory statements does not meet this threshold. For this reason, the Court **GRANTS** Plaintiff's *Motion to Strike* as to IUHP's

Affirmative Defense Nos. 2-7, 9, 11, and 14, but will do so without prejudice. IUHP may seek leave to re-plead the defenses in a way that gives Plaintiff fair notice of the grounds underlying the defense.

### 4. Limited Damages: Defense No. 12.

IUHP asserts Affirmative Defense No. 12 identifying the statutory damages cap applicable to Plaintiff's claims. IUHP alleges that "[u]nder 42 U.S.C. §1981a, any award of compensatory and punitive damages to the Plaintiff may not exceed $300,000." [Dkt. 17 at 19.] As discussed with regard to the University's Affirmative Defense No. 21, IUHP's Affirmative Defense No. 12 is not an affirmative defense. [Dkt. 24 at 15.] Plaintiff has not been awarded damages in excess of the statutory cap; therefore, IUHP's assertion of Affirmative Defense No. 12 is a mere nullity until damages have been awarded. Accordingly, the Court will not penalize IUHP for asserting this as a defense, but it will bear no weight until damages have been awarded. Thus, Plaintiff's *Motion to Strike* is **DENIED** as to Affirmative Defense No. 12.

### 5. Right to Amend: Defense Nos. 18 & 19.

IUHP's Affirmative Defense Nos. 18 & 19 "do[] not waive any additional defenses," and "reserve[] the right to assert additional defenses as they become evident through discovery or investigation." [Dkt. 17 at 20.] Plaintiff has correctly noted that these are not affirmative defenses at all. [Dkt. 24 at 15, 18.] As the Court has previously discussed, an attempt to reserve the right to add additional defenses is "unnecessary" and "is not an affirmative defense at all." *Parker,* 2012 WL 4762138, at *2. IUHP is not "avoid[ing] liability" by "allegations of excuse, justification or other negating matters," and is therefore not asserting affirmative defenses. *Riemer*, 274 F.R.D. at 639. Accordingly, the Court **GRANTS** Plaintiff's *Motion to Strike* as to Affirmative Defense Nos. 18 & 19 with prejudice.

### 6. Remedial Measures: Defense No. 15.

IUHP asserts as Affirmative Defense No. 15 that "[p]unitive damages cannot be awarded in this case because Defendant has undertaken remedial measures to address the alleged discrimination at issue in this case." [Dkt. 17 at 19.] According to Rule 407 of the Federal Rules of Evidence, "evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose." Fed. R. Evid. 407. IUHP has appropriately acknowledged that remedial measures may be admitted as evidence for purposes other than those outlined in Rule 407. [Dkt. 31 at 7-8.] IUHP asserts Affirmative Defense No. 15 to determine whether remedial measures impact Plaintiff's claim for punitive damages. This is an appropriate use of subsequent remedial measures under the rules. Accordingly, Plaintiff's *Motion to Strike* as to IUHP's Affirmative Defense No. 15 is **DENIED.**

### 7. Denial of Allegations: Defense No. 17.

In Affirmative Defense No. 17, IUHP asserts that it "denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer." [Dkt. 17 at 19.] While this is an appropriate answer to a complaint, it is not an affirmative defense. The court in *Weisman v. First Data Merchant Services Corp.* addressed a similar issue:

> Defendant's first affirmative defense states: "First Data denies all allegations not specifically addressed or admitted in this Answer and Affirmative Defenses." This defense is not "affirmative" because it does not admit matters raised in the complaint or raise new matter that would defeat recovery. Because it is not an appropriate affirmative defense, the Court strikes it.

No. 06 C 3024, 2006 WL 3694853, at *1 (N.D. Ill. Dec. 11, 2006). Accordingly, this Court finds that IUHP's denial of all allegations is not an appropriate affirmative defense. Thus, Plaintiff's *Motion to Strike* as to Affirmative Defense No. 17 is **GRANTED.**

### 8. Document Speaks for Itself: Answer ¶ ¶ 24 & 26.

Plaintiff seeks to strike IUHP's answer in response to paragraphs 24 and 26 of Plaintiff's Complaint. Plaintiff argues that IUHP's use of the language "speaks for itself" is an insufficient answer. [Dkt. 24 at 20.] As discussed above with regard to the University's answer in response to paragraph 26, IUHP has both admitted and denied allegations in paragraphs 24 and 26. IUHP did not merely state that the email "speaks for itself," but elaborated its answer. Accordingly, Plaintiff's *Motion to Strike* with regard to IUHP's answers to paragraphs 24 and 26 is **DENIED.**

### IV.   Conclusion

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's *Motion to Strike Affirmative Defenses.* [Dkt. 23.] The Court **DENIES** Plaintiff's *Motion to Strike* with regard to the University's Affirmative Defense Nos. 1 and 21, and the University's response to paragraph 26. The Court **GRANTS** Plaintiff's *Motion to Strike*, with prejudice, the University's Affirmative Defense Nos. 2, 7, 8, 10, 16-20, and 22. The Court **GRANTS** Plaintiff's *Motion to Strike*, without prejudice, the University's Affirmative Defense Nos. 3, 4, 6, 9, and 11. The University shall file any motion seeking leave to amend its answer and affirmative defenses **within 14 days of the date of this Order** so as to comply with the requirements of *Heller.*

With regard to IUHP's Affirmative Defenses, the Court **DENIES** Plaintiff's *Motion to Strike* as to Affirmative Defense Nos. 1, 12, and 15, and IUHP's response to paragraph 24 and 26. The Court **GRANTS** Plaintiff's *Motion to Strike*, with prejudice, IUHP Affirmative Defense

Nos. 8, 13, 16-19. The Court **GRANTS** Plaintiff's *Motion to Strike*, without prejudice, IUHP Affirmative Defense Nos. 2-7, 9, 11, and 14. IUHP shall file any motion seeking leave to amend its answer and affirmative defenses **within 14 days of the date of this Order** so as to comply with the requirements of *Heller*.

SO ORDERED.

Dated: 23 JUL 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Melissa A. Macchia
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mmacchia@taftlaw.com

Bonnie L. Martin
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
bonnie.martin@ogletree.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mterrell@taftlaw.com

Craig M. Williams
FOX WILLIAMS & SINK LLC
cwilliams@fwslegal.com